*Court of Common Pleas, Dauphin County, December* 30*th,* 1862.

## HOKE *v.* BOWMAN.

In an action before a justice of the peace on a claim above one hundred dollars the plaintiff need not be present when the defendant confesses judgment.

BY THE COURT.—From the transcript returned in this case it appears that the defendant, Hoke, without mention made of the plaintiff's presence, voluntarily appeared before the magistrate on July 30th, 1860, and confessed judgment in favor of the plaintiff, Bowman, for $129.62. From a transcript taken by the plaintiff, and filed July 30th, in the Common Pleas, for the purpose of lien, it would seem that both plaintiff and defendant voluntarily appeared before the justice, and the judgment was confessed. Under this contradiction the justice was summoned to bring into court his original docket, which shows that both parties appeared, as set forth in the first transcript; but when examined on oath the magistrate testifies that Bowman came first, and brought the note, which was left with a request to accept a judgment; and immediately after he had left the office, the defendant came in, and voluntarily confessed the judgment for the sum stated. The docket and first transcript show all regular. The second shows a defect going to the jurisdiction, as it does not appear that both parties are present. The justice's testimony establishes that both were present on the same day, but not at the same time, that the plaintiff requested the judgment to be entered, and the defendant voluntarily confessed it. There was no contest about the claim, either as to its validity or amount, and the objection to the proceeding is purely technical. Is it fatal? Section 14, of the act of 20th March, 1810, gives the justice jurisdiction over sums exceeding one hundred dollars, if the *parties*

[Hoke *v.* Bowman.]

voluntarily appeared before him and confessed the judgment. Must both parties be present at the same time? The law does not say so in terms, nor can we collect that such was the legislative intention by clear and necessary implication. In King *v.* King (1 Penna. 15), the question did not arise, as the case turned on the confession not being made at the justice's office. In Camp *v.* Woods (10 W. 118), Judge Kennedy says, that the *parties must appear before the magistrate* voluntarily and confess the judgment; but there it was entered on a line from one of two partners. He also says that they must both appear in *person*, and the plaintiff cannot attend by his agent. That the defendant must so appear, there can be no doubt; but we see little ground for requiring the personal presence of the plaintiff. It was held by the Court of Common Pleas of the City of Philadelphia, in Boon *v.* Collins (10 Leg. Int. 106), that if any one of several parties, plaintiffs, were absent, the judgment confessed by the defendant was void. But that case is entirely repudiated and overruled in Truit *v.* Ludwig (1 C. 145), where Lewis, C. J., decides that the plaintiff may appear by agent, but the defendant must be personally present. This virtually overrules the dicta of Judge Kennedy in Camp *v.* Woods. The great object of the law is to protect defendants against the entry of judgments in their absence, or in any other way than by *personal voluntary confession*. No great evil can arise in the case of the plaintiff, who, if dissatisfied with the judgment, may immediately repudiate the act, and refuse its acceptance. To go by the highest evidence of record, the original docket, this proceeding is regular. To act on the testimony of the magistrate, I still consider it valid, as the plaintiff had been in the office with his note, which was left with a request that a judgment might be immediately obtained. The defendant came in within an hour, and confessed judgment for the precise amount the plaintiff claimed. The statute nowhere says that the parties shall be in the office *together;* both were there, and only a few minutes apart. The plaintiff makes no objection to this judgment because taken in his absence, and the defendant has no right to object because the former was not present. He was himself personally present, and cannot take advantage of an irregularity by which he was in no wise injured. To declare a judgment void for an informality of this kind in favor of a party who had all the benefit of the law, would be to establish injustice. It would be sticking in the letter of the statute, and losing sight of its spirit and intention.

The judgment must be affirmed.